IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STERLING HOBBS a/k/a Amir Fatir, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 87-285-GMS |
| | ) |
| FRANK C. PENNELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

**I. BACKGROUND**

On January 11, 1991, following a bench trial, this court entered judgment in favor of the defendant Chaplain Frank C. Pennell ("Pennell") and against the plaintiff Sterling Hobbs, a/k/a Amir Fatir ("Fatir"). (D.I. 70, 71; *Hobbs v. Pennell*, 754 F. Supp. 1040 (D. Del. 1991). Several inmate plaintiffs had initiated the lawsuit, but Fatir was the sole remaining plaintiff at trial. During his testimony, Fatir waived his request for damages and sought only injunctive relief. The issues presented at trial were whether Pennell violated Fatir's constitutional rights under the Free Exercise Clause of the First Amendment, as applied to the states by the Fourteenth Amendment, by allegedly enforcing prison policies that (a) prohibited the Nation of Islam from holding services at the Delaware Correctional Center ("DCC") (now known as the James T. Vaughn Correctional Center) without an outside Imam, and (b) prohibited Fatir and other members of the Nation of Islam from attending Moslem services conducted by other groups within the prison. *Hobbs*, 754 F. Supp. at 1041. Fatir did not file an appeal. On November 5, 2008, seventeen years after judgment was entered, Fatir filed a motion for relief from a judgment

or order pursuant to Fed. R. Civ. P. 60(b)(5) and 60(d)(3). (D.I. 73.) He also filed a motion for default judgment. (D.I. 81.)

## II. DISCUSSION

### A. Rule 60(b)(5)

Fatir argues that the January 11, 1991, opinion and order violates the Protection of Religious Exercise in Land Use and by Institutionalized Persons, more properly known as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc through 2000cc-5. Rule 60(b)(5) of the Federal Rules of Civil Procedure provides that a party may file a motion for relief from a final judgment if the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application. Fed. R. Civ. P. 60(b)(5). A motion filed pursuant to Rule 60(b) is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all relevant circumstances. *Pierce Assoc. Inc., v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).

Rule 60(b) expressly requires that motions made pursuant to Rule 60(b)(5) be made within a "reasonable time." What constitutes a reasonable time depends upon the circumstances of each case. *Delzona Corp. v. Sacks*, 265 F.2d 157, 159 (3d Cir. 1959). The court takes into consideration the interest in finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds relied upon, and the consideration of prejudice if any to other parties in determining reasonableness. *Dietsch v. United States*, 2 F. Supp. 2d 627, 633 (D.N.J. 1988) (citing *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 610 (7th Cir. 1986)) (other citations

omitted).

Fatir's claim for relief under Rule 60(b)(5) fails on two counts. First, Rule 60(b)(5) applies to judgments that vest the court with continuing jurisdiction over a grant of injunctive relief, such as a consent decree to reform an institution. *United States v. Dansbury*, Crim. No. 89-156-2, 1996 WL 592645, at *3 (E. D. Pa. Oct. 15, 1996) (citing 11 Charles A. Wright et al., Federal Practice and Procedure § 2683, at 337-38 (2d ed. 1995) (stating that Rule 60(b)(5) "applies to any judgment that has prospective effect as contrasted with those that offer a present remedy for a past wrong")); *see also Cincinnati Ins. Co. v. Flanders Elec. Motor Serv.*, 131 F.3d 625, 630 (7th Cir. 1997) ("judgments are prospective when they are 'executory' or 'involve the supervision of changing conduct or conditions'" . . . "that a court's action has continuing consequences, however, does not necessarily mean that it has 'prospective application' for the purposes of Rule 60(b)(5)"). The 1991 ruling issued by United States Senior District Judge James L. Latchum ("Judge Latchum") has no prospective application. The order did not compel any party to perform any future act or require the court to supervise any actions taken by the parties to the case. Indeed, the court held that there was no violation of Fatir's constitutional rights and it entered judgment against Fatir and in favor of Pennell. Hence, the ruling discharged Pennell from any further involvement in the case.

Second, to the extent Fatir asserts a possible cognizable ground for reopening his 1991 case under Rule 60(b)(5), his claim is a legally frivolous attack on the opinion and order, brought well beyond the bounds of the "reasonable time" requirement. Fatir did not appeal the January 11, 1991 decision. He now relies upon RLUIPA as a means to attack the decision. Congress

enacted RLUIPA in September 2000. *Lighthouse Institute for Evangelism, Inc. v. City of Long Branch*, 510 F.3d 253, 257 (3d Cir. 2007). Fatir, however, waited over eight years after the enactment of RLUIPA before he filed this motion. He provides no reason for his delay in filing the Rule 60(b) motion. Without compelling justification, such a delay is not reasonable under the rule. *See Moolenaar v. Government of the Virgin Islands*, 822 F.2d 1342, 1348 (1987) (finding 60(b)(6) motion brought almost two years after to be untimely).

Reviewing the facts of this case, Fatir's failure to provide any adequate reason for his delay in filing the pending motion, the interest in finality, and prejudice to the defendants, the court finds that Fatir did not file his motion for relief of judgment within a reasonable time as required by Rule 60(b)(5). For the above reasons, the court will deny Fatir's motion for relief of judgment pursuant to Fed. R. Civ. P. 60(b)(5).

### B. Rule 60(d)(3)

Fatir's second ground for relief under Rule 60 is that the court falsified the testimony and evidence at trial to justify arriving at a conclusion that denied Nation of Islam members the right to worship. He contends the decision was "due to the judge's own bias and collusion with the prison officials." (D.I. 73, ¶ 5.) Fatir specifically refers to the following passage in the court's ruling:

> At a Nation of Islam service on March 11, 1984, Sterling Hobbs, the inmate Imam at the time (D.I. 69 at A-117-18) decided to give a particularly inspirational sermon. (*Id.* at A-25.) He suggested that his followers take over the prison and make blood run in the aisles. (*Id.* at A-114.) The prison guards present at the service, who had been frisked by the prisoners - contrary to prison policy - were apparently made uneasy by the Imam's exhortations. (*Id.* at A-22, A-114-15, A-117, A-135.) The situation grew tense. (*Id.* at A-24) and the Correctional

> Emergency Response team was called to the prison. (*Id.* at A-114.) . . . Ultimately the Nation of Islam's "religious service" was dispersed without violence. (*Id.* at A-117.) Mr. Hobbs does not deny that the above events occurred (*Id.* at 133), but dismisses them as the product of youthful indiscretion. (*Id.* at A-133.)

*Hobbs*, 754 F.Supp. at 1043.[1]

Fatir posits that the "alleged" events of March 11, 1984, were not discussed during the trial and, therefore, Judge Latchum's statement that Fatir did not deny that the March 11, 1984 events occurred is patently false and misleading. (D.I. 73, ¶ 4.) He argues there was no mention of the "alleged" March 11, 1984 non-incident and, for the court to base its decision on a fictional event, without giving plaintiff an opportunity to rebut the allegations, amounts to fraud. (*Id.* at ¶ 10.) Fatir goes on to provide his version of the March 11, 1984 events as well as rebuttal to testimony provided by other witnesses

Rule 60(d)(3) "does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). It is well established that a court has the inherent power to grant relief from a judgment which has been secured by a "fraud on the court."[2] *See also*

---

[1] Fatir omitted the following from the above cited passage: "Inmates who were not members of the Nation of Islam were also intimidated. (*Id.* at A-24.) Prison authorities feared that the guards present at the service had been, or would be, taken hostage. (*Id.* at A-114-15, A-117.) This fear was shared by the guards at the service. (*Id.*) Prison authorities showed great restraint and waited. (*Id.* at A-115.)." *Hobbs*, 754 F. Supp at 1043.

[2] A fraud on the court is different from the fraud covered by Rule 60(b)(3). Rule 60(b)(3) provides for relief from judgment by reason of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). "To prevail, the movant must establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly presenting his case. For example, failure to disclose or produce evidence requested in discovery can constitute Rule 60(b)(3) misconduct." *Stridiron v. Stridiron*, 698 F.2d 204, 207 (3d Cir.1983). "In order to sustain

*Universal Oil Products Co. v. Root Refining Co.*, 328 U.S. 575 (1946). The concept of "[f]raud upon the court should . . . embrace only that species of fraud which does or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." *Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1992) (internal quotation omitted); *Workman v. Bell*, 227 F.3d 331, 336 (6th Cir. 2000); *Oxxford Clothes XX, Inc. v. Expeditors Int'l of Wash., Inc.*, 127 F.3d 574, 578 (7th Cir. 1997); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972). Claims of fraud upon the court are not governed by the one year limitation period, but instead must be commenced within a "reasonable time of the discovery of the fraud." *Apotex Corp. v. Merck & Co., Inc.*, 507 F.3d 1357, 1361 (Fed. Cir. 2007).

Fatir, by all accounts an intelligent man, ignores the record in arguing that the events of March 11, 1984, were not discussed during the bench trial held before Judge Latchum. Indeed, his position is belied by the record. The court reviewed the entire transcript, part A held the morning of November 26, 1990 and consisting of pages A2 through A142, and part B, held the afternoon of the same day and consisting of pages B1 through B85. (D.I. 69.) The March 11, 1984 incident is first mentioned by Fatir in his opening statement or testimony at page A4. Fatir continued to provide testimony on the incident at pages A21, A25, A32, A33, A133, and A135.

---

the burden of proving fraud and misrepresentation under Rule 60(b)(3), the evidence must be clear and convincing." *Brown v. Pennsylvania R.R. Co.*, 282 F.2d 522, 527 (3d Cir. 1960) (citations omitted). Also, a Rule 60(b)(3) motion must be filed no more than one year after entry of the judgment or order or the date of the proceeding. Fed. R. Civ. P. 60(c)(1).

As Fatir testified, "the nature of my speech was so fiery that I think it added fuel to the fire. In that sense I am to blame for much of that." (D.I. 69, A-25.) Walter W. Redman ("Redman"), at the time the warden at the DCC, testified to the events of March 11, 1984 at pages A113 through 118, A120 and A121. Redman testified that during Fatir's sermon on March 11, 1984, Fatir indicated that "takeover was the answer" and that Fatir spoke of "the aisles running red with blood." (*Id.* at A-114.) Testimony of the events of March 11, 1984 was also provided by Donald Davis at B-42 and B-45 and Pennell at B-49, B-57, and B-74. Fatir's Rule 60(d)(3) claim not only rises and falls, but crumbles upon the testimony provided at the bench trial in this matter.

As evident from the discussion above, Fatir's claim of fraud under Rule 60(d)(3) is specious and, quite frankly, has wasted this court's precious resources. Even were it not, the court would deny this portion of the motion on other grounds. Fatir should have commenced his claim long ago, within a reasonable time from when he discovered the alleged fraud. Fatir could have discovered the "alleged fraud" some seventeen years ago when the January 11, 1991 decision was issued which contained discussion of testimony surrounding the events of March 11, 1984; testimony that Fatir incorrectly asserts was not contained in the record. Logic suggests that Fatir should have filed his Rule 60(d)(3) motion shortly after entry of the court's decision.

For the above reasons, the court will deny Fatir's motion for relief of judgment pursuant to Fed. R. Civ. P. 60(d)(3).

### III. CONCLUSION

The court finds that Fatir's motions are frivolous. He is not entitled to relief under Rule 60(b)(5) or under Rule 60(d)(3) of the Federal Rules of Civil Procedure. Nor is he entitled to

default judgment. An appropriate order will be entered.

/s/
CHIEF, UNITED STATES DISTRICT JUDGE

___July 9___, 2009
Wilmington, Delaware

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STERLING HOBBS a/k/a Amir Fatir, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 87-285-GMS |
| | ) |
| FRANK C. PENNELL, | ) |
| | ) |
| Defendant. | ) |

## ORDER

NOW THEREFORE, at Wilmington this 8th day of July, 2009,

IT IS HEREBY ORDERED that:

1. The motion for relief from a judgment or order is **DENIED**. (D.I. 73.)

2. The motion for default judgment is **DENIED**. (D.I. 81.)

_____
CHIEF, UNITED STATES DISTRICT JUDGE